People v Brown (2022 NY Slip Op 06889)

People v Brown

2022 NY Slip Op 06889

Decided on December 06, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 06, 2022

Before: Renwick, J.P., Manzanet-Daniels, Gesmer, Kennedy, Shulman, JJ. 

Ind. No. 4977/10 Appeal No. 16806 Case No. 2021-00284 

[*1]The People of the State of New York, Respondent,
v
Boris Brown, Defendant-Appellant.

Robert S. Dean, Center for Appellate Litigation, New York (David J. Klem of counsel) ,and Davis Polk & Wardwell LLP, New York (Matthew R. Brock of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Sylvia Wertheimer of counsel), for respondent.

Order, Supreme Court, New York County (Abraham L. Clott, J.), entered on or about December 29, 2020, which denied defendant's CPL 440.10 motion to vacate a judgment of conviction rendered July 25, 2012, unanimously affirmed.
After a hearing ordered by the Court of Appeals (33 NY3d 983 [2019]), the court properly denied defendant's CPL 440.10 motion in which he claimed that his counsel had a conflict of interest that denied him the effective assistance of counsel. Initially, we conclude that the Court of Appeals only decided that a hearing was warranted (id. at 987), and it did not explicitly or implicitly decide any other issues.
The record supports the hearing court's factual determination that defendant's friend Salaam, whom his counsel represented on an unrelated criminal case, and who had initially been a suspect in the murder of which defendant was convicted, did not pay defendant's legal fees. At the hearing, defendant did not meet his burden of proving the necessary facts by a preponderance of the evidence (see CPL 440.30[6]). The hearing evidence showed that Salaam physically handed cash to defendant's attorney for his retainer and for much of the balance of the fee, but that there was no proof as to the ultimate source of the cash. Counsel credibly testified that he viewed Salaam as his contact person and believed that the legal fees were being collectively raised by a group of defendant's friends and relatives, including Salaam. The court's finding was also supported by defendant's recorded calls made while incarcerated, and the fact that Salaam always delivered cash to the attorney while accompanied by other friends of defendant. The evidence also shows that defendant chose and hired the attorney.
Salaam's limited role in gathering, contributing to, and delivering cash collectively raised for defendant's legal defense did not create an actual conflict of interest. This limited role did not reach the level of becoming a payor of defendant's legal fees as would raise inherent dangers of conflicting interests (compare Wood v Georgia, 450 US 261, 268 [1981]). Furthermore, the hearing evidence failed to show that defendant and Salaam, although represented by the same lawyer in unrelated cases, had opposing interests in defendant's murder prosecution. Other than Salaam's presence at the scene of the murder, the only evidence connecting him to that crime was essentially rumor. The People unequivocally disclaimed any interest in either prosecuting Salaam for the murder or calling him as a witness against defendant. Under all the circumstances, we reject defendant's argument that Salaam had an interest in not being implicated in the murder by way of a potential line of defense that the attorney could have raised.
We further find that defendant did not meet his "heavy burden" of showing that his attorney was subject to a potential conflict that "actually operated on the defense" (see People v Sanchez, 21 NY3d 216, 223 [2013]). There was no [*2]impediment to a defense strategy suggesting that Salaam was the killer. The attorney credibly testified that his relationship with Salaam did not affect the strategy he pursued, and that he would have cast the blame for the murder on Salaam if the evidence had supported that theory. Instead, the attorney chose to pursue a completely different line of defense, suggesting that the People's main witness was the actual killer.
We have considered defendant's remaining contentions and find them unavailing. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 6, 2022